UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MICHAEL PIERRE, *et al.*, | § | |
| | § | |
|     *Plaintiffs*, | § | |
| | § | |
| v. | § | CIVIL ACTION H-09-03380 |
| | § | |
| THOMCO ENTERPRISES, INC. *et al.*, | § | |
| | § | |
|     *Defendants.* | § | |

**MEMORANDUM AND ORDER**

Pending before the court is defendant American Plastics Inc.'s ("Plastics's") motion to dismiss plaintiffs' complaint for lack of subject matter jurisdiction. Dkt. 5. Also pending before the court is Plastics's motion to abstain from exercising jurisdiction over the current case because of concurrent state court litigation that covers the same matter. Dkt. 6. Plaintiffs have not filed responses to these motions. Therefore, under the local rules of the Southern District of Texas, these motions are considered unopposed. S.D. TEX. LOC. R. 7.4. On review of the motion and applicable law, Plastics's motion to dismiss for lack of subject matter jurisdiction (Dkt. 5.) is GRANTED and the motion to abstain (Dkt. 6) is DENIED AS MOOT. This case is DISMISSED WITHOUT PREJUDICE.

**BACKGROUND**

In September 2008, defendant Dennis Alexander, acting on behalf of the other defendants, hired the plaintiffs to repair roofs of homes that were damaged by Hurricane Ike as part of the Federal Emergency Management Association's ("FEMA's") Blue Tarp Roof program. Dkt. 1 at 5. Plaintiffs allege, however, that Alexander schemed with the other defendants to defraud the plaintiffs of their wages and other compensation. *Id.* As a result, plaintiffs filed the present suit seeking

damages for claims of negligent misrepresentation, negligent entrustment, conversion and unjust enrichment, breach of contract, quantum meruit, and promissory estoppel.  Dkt. 1.

Plastics moves the court to dismiss the case because the court does not have subject matter jurisdiction based on either federal question or diversity jurisdiction.  Dkt. 5.  In the alternative, Plastics urges the court to abstain from exercising jurisdiction over the case because of concurrent state court litigation filed February 3, 2009, in the 11th Judicial District Court of Harris County, Texas.  Dkt. 6.

## ANALYSIS

Federal Rule of Civil Procedure 12(b)(1) allows dismissal of an action where the court lacks subject matter jurisdiction.  A Rule 12(b)(1) motion should be granted only "if it appears certain that the plaintiff cannot prove a plausible set of facts that establish subject-matter jurisdiction." *Castro v. United States,* 560 F.3d 381, 386 (5th Cir. 2009).  The party asserting jurisdiction bears the burden of proof for a 12(b)(1) motion to dismiss.  *Id.*; *Ramming v. United States,* 281 F.3d 158, 161 (5th Cir. 2001).  The court may consider any of the following in ruling on a 12(b)(1) motion: (1) the complaint alone; (2) the complaint plus undisputed facts evidenced in the record; or (3) the complaint, undisputed facts, and the court's resolution of disputed facts.  *Lane v. Halliburton,* 529 F.3d 548, 557 (5th Cir. 2008).

In their complaint, under the heading "Jurisdiction," the eighteen plaintiffs (collectively the "Pierre plaintiffs") discuss grounds for personal jurisdiction, but do not make any mention of the basis for subject matter jurisdiction before this court.  The complaint contains headings for state law claims of negligent misrepresentation, negligent entrustment, conversion and unjust enrichment, breach of contract, quantum meruit, and promissory estoppel.  Dkt. 1 at 7–16.  This creates an inference that only state law claims are brought against the defendants on the basis of diversity

jurisdiction. This inference is further supported by repeated references that the plaintiffs are seeking at least $75,000 in damages. *See, e.g.*, *id.* at 8, 9, 11. However, upon close examination, the complaint makes passing reference to the "Miller Act," and "the federal Miller Act." The court surmises that this is a reference to the 40 U.S.C. § 3131 *et seq.*, known as the Miller Act, which provides protection for persons who furnish labor and materials for public construction projects to ensure that they are paid. *See Clifford F. MacEvoy Co. v. U.S. for Use and Benefit of Calvin Tomkins Co.*, 322 U.S. 102, 64 S. Ct. 890 (1944). In an abundance of caution, therefore, the court reviews subject matter jurisdiction on the basis of either federal question or diversity.

1.     *Federal Question Jurisdiction*

The Miller Act creates a federal cause of action:

> (1) Every person that has furnished labor or material in carrying out work provided for in a contract for which a payment bond is furnished under section 3131 of this title and has not been paid in full within 90 days after the day on which the person did or performed the last of the labor or furnished or supplied the material for which the claim is made may bring a civil action on the payment bond for the amount unpaid at the time the civil action is brought and may prosecute the action to final execution and judgment for the amount due.
> (2) A person having a direct contractual relationship with a subcontractor but no contractual relationship, express or implied, with the contractor furnishing the payment bond may bring a civil action on the payment bond on giving written notice to the contractor within 90 days from the date on which the person did or performed the last of the labor or furnished or supplied the last of the material for which the claim is made. The action must state with substantial accuracy the amount claimed and the name of the party to whom the material was furnished or supplied or for whom the labor was done or performed.

40 U.S.C. § 3133(b). A civil action brought under this section must be brought either in the name of the United States for the use of the person bringing the action or in the U.S. District Court for "any district in which the contract was to be performed and executed, regardless of the amount in controversy." *Id.* § 3133(3). The action "must be brought no later than one year after the day on which the last of the labor was performed or material was supplied by the person bringing the

3

action." *Id.* § 3133(4). This one-year filing requirement is a jurisdictional limitation on the substantive rights conferred under the Act and federal law controls the computation of the limitations period. *U.S. for Use and Benefit of Harvey Gulf Int'l Marine, Inc. v. Maryland Cas. Co.*, 573 F.2d 245, 247 (5th Cir. 1978).

The Pierre plaintiffs have failed to carry their burden to establish subject matter jurisdiction on the basis of federal question because the complaint fails, for several reasons, to properly plead a Miller Act claim. First, all but one of the references to the Miller Act are invoked in connection with recovering attorneys' fees. Attorneys' fees, however, are not recoverable under the Miller Act. *See Transamerica Ins. Co. v. Red Top Metal, Inc.*, 384 F.2d 752 (5th Cir. 1967). Second, the Miller Act allows persons to bring suit on the payment bond by bringing a claim against the surety. 40 U.S.C. § 1333(b). Here, it is unclear which, if any, of the defendants posted a payment bond for the work in question, let alone if any of the defendants are actually the surety. Lastly, even assuming a payment bond was posted and the proper surety is named as a defendant, the complaint fails to state whether the plaintiffs are suing under § 1333(b)(1) because they had a direct relationship with the general contractor or under § 1333(b)(2) because they lacked a direct relationship with the general contractor. If the latter, there are statutory notice requirements that do not appear to have been met. For all of these reasons, plaintiffs have failed to carry their burden to establish federal question subject matter jurisdiction.

*2.    Diversity Jurisdiction*

The court also lacks diversity jurisdiction because there is an absence of complete diversity between the parties. It is axiomatic that diversity of citizenship must be complete between plaintiff and defendant to confer jurisdiction under § 1332(a). *See Strawbridge v. Curtiss*, 7 U.S. (3 Cranch) 267 (1806). In the present case, all but one of the eighteen plaintiffs are residents of Texas. Dkt.

1. Additionally, at least one of the defendants, Plastics, is also a Texas resident, having its principal place of business in Houston. *Id.* at 4. The court, therefore, lacks subject matter jurisdiction on the basis of diversity.

## Conclusion

Plaintiffs have failed to carry their burden to establish subject matter jurisdiction. Therefore, Plastics's motion to dismiss for lack of subject matter jurisdiction (Dkt. 5) is GRANTED and the motion to abstain (Dkt. 6) is DENIED AS MOOT. The claims are DISMISSED WITHOUT PREJUDICE.

It is so ORDERED.

Signed at Houston, Texas, on February 25, 2010.

_____
Gray H. Miller
United States District Judge

TO ENSURE PROPER NOTICE, EACH PARTY RECEIVING THIS ORDER SHALL
FORWARD IT TO EVERY OTHER PARTY AND AFFECTED NONPARTY